## BOZALINA v. A. C. BURTON & CO.

### No. 11177.

Court of Civil Appeals of Texas. Galveston.

June 5, 1941.

880

George N. Lusch, of Houston, for appellant.

Fowler & Conn, of Houston, for appellee.

MONTEITH, Chief Justice.

This suit was brought in the County Court at Law of Harris County by appellant, Edward Bozalina, to recover damages alleged to have been sustained as the result of the breach of a warranty in the purchase of an automobile from appellee, A. C. Burton & Company.

In answer to one special issue submitted, the jury found, in effect, that certain expanders had been properly installed by appellee in the motor of the automobile in question. Based on the answer to said special issue judgment was rendered in favor of appellee and against appellant.

Appellant duly filed his motion for new trial and mistrial, attaching thereto affidavits from each of the jurors who had sat on the case. He based his appeal on the alleged error of the trial court in overruling his motion for new trial. The controlling question presented in appellant's motion for new trial was whether the jury, by a unanimous mistake in the nature of a clerical error, failed to properly record their verdict by their answer to the special issue submitted. This is the sole question presented in this appeal.

The following special issue was submitted to the jury:

"Do you find from a preponderance of the evidence that the defendant, A. C. Burton & Company, improperly installed the expanders on the motor in question, on or about August 9, 1939?"

To which the jury answered: "No."

The jury returned their answer to said special issue as their unanimous verdict in open court and were duly discharged by the court. While each member of the jury was still in the jury box, but after counsel for appellee had left the courtroom, one of the jurors asked the court if the jury's answer to said special issue meant that said expanders had been improperly installed by appellee. He was told by the court that said answer meant that said expanders had been properly installed. The juror then informed the court that, in his opinion, the jury had, through error in writing their answer to said special issue, made a different answer from what they had intended to make. Later, appellant obtained and attached to his motion for a new trial identical affidavits from each of the jurors, in each of which it was stated that through error the word "No" was written on the paper furnished them by the court on which to return their verdict, when the jury had intended to answer "Yes", and that it was the opinion and verdict of the jury that the expanders in question had not been properly installed.

The affidavits from the jurors attached to appellant's motion for a new trial were excluded by the trial court on objection by counsel for appellee, to which appellant duly excepted and here assigns error.

On the hearing of the motion for new trial three of said jurors were called as witnesses. Each testified that the verdict of the jury had been that said expanders had not been properly installed by appellee. The witness, juror W. F. Baker, testified that only one vote was taken in the jury room and that they had unanimously instructed their foreman to indicate on the paper furnished them by the court that said expanders had not been properly installed, and that they did not realize that a mistake had been made in the writing of their answer by their foreman until after the attorney for appellee had thanked them, after the verdict had been returned into court and they had been discharged. He testified that the jury had decided among themselves that said expanders had not been properly installed and that the foreman "just wrote down the word 'No'."

■ While Article 2234, Revised Statutes of 1925, provides that the court may hear evidence from the jurors and others where the ground of a motion for a new trial is misconduct of the jury, or of the officer in charge of them, and may grant a new trial if such misconduct is proved, or the testimony received, or the communication made, is found to be material, our courts have uniformly held that in a motion complaining of the misconduct of the jury as grounds for a new trial the affidavits of the jurors attached to such motion cannot be received as evidence unless the motion presents a case of clerical error in committing to writing the unanimous verdict of the jury in answer to special issues submitted, and that a case of this kind is not controlled by the procedure prescribed in said Article 2234.

■ It is now conceded that a unanimous clerical error made in the recording of the verdict of a jury may be shown by affidavits of the jurors; Caylat v. Ry. Co., 113 Tex. 131, 252 S.W. 478, and Commercial Standard Ins. Co. et al. v. Miller, Tex.Com.App., 48 S.W.2d 618.

■ It is the rule that, if the affidavits of the jurors are at variance with each other as to whether a mistake was made in transcribing their verdict, then an issue of disputed fact is presented which may call for evidence from the jurors in open court to determine such issue, but that in cases where the affidavits of the jurors are not at variance, but unanimously speak the fact of a mistake, then no issue of disputed fact is made, and there is no necessity for evidence to determine that a disputed fact exists.

In approving this rule the court in its opinion in the case of Caylat v. Ry. Co., supra [113 Tex. 131, 252 S.W. 480] says: "The great weight of authority, both in this country and in England, is to the effect that a unanimous mistake of the jury, in the nature of a clerical error, in writing or reporting their verdict, already arrived at—as contradistinguished from an act constituting misconduct or fraud on the part of the jury, or a mistake of fact or law arising in their deliberations, as for example their misinterpretation of the evidence or the charge of the court, or of the legal effect of their verdict — is not misconduct of the jury, does not come within the rule [Article 2234] above announced, and may be shown by the affidavits of the jurors themselves; and where the evidence is conclusive that such mistake was made, relief may be granted."

■ In the instant case, the failure of the jury to properly record their answer to the special issue submitted was a failure to state correctly in writing the verdict that had, by a due and regular course of proceeding, been arrived at by them. It is undisputed that the verdict as written was different from the unanimous verdict arrived at in the jury room, and it is shown by said affidavits that there was no uncertainty as to their intention to answer said issue that said expanders were improperly installed by appellee.

It necessarily follows from these conclusions that the judgment of the trial court must be reversed and the cause remanded. It is so ordered.

Reversed and remanded.